Filed 7/22/21

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HAN QUOC HOANG,<br><br>    Defendant and Appellant. | H046550<br>(Santa Clara County<br>Super. Ct. No. C1370251) |

Defendant Han Quoc Hoang challenges the trial court's ruling declining to exercise its discretion, under Penal Code section 12022.53, subdivision (h),[1] to strike defendant's section 12022.53, subdivision (d) firearm enhancement. Defendant argues that the court abused its discretion by refusing to consider imposing a lesser firearm enhancement, as provided for in *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*). We conclude, contrary to *Morrison*, that section 12022.53, subdivision (h) authorizes a court to exercise discretion to strike or dismiss a firearm enhancement only; it does not authorize a court, in the furtherance of justice, to impose a lesser firearm enhancement that was neither alleged nor found to be true.

## I.    BACKGROUND[2]

On November 14, 2013, the victim went to a parking lot to purchase cocaine from another individual. The victim was in his car. Defendant approached the victim, passed

---

[1] All further references are to the Penal Code unless otherwise indicated.

[2] This court granted defendant's request for judicial notice of the record and opinion in his prior appeal (*People v. Hoang* (April 27, 2018, H042876) [nonpub. opn.].) The procedural history set forth below is taken in part from our prior opinion.

his hand in and then out of the driver's side window, and pulled out a gun. He then moved away from the car and fatally shot the victim. The prosecution's theory was that defendant intended to rob the victim and shot him when he resisted. Defendant testified at trial that he shot the victim in self defense.

Defendant was charged with murder (§ 187) and second degree robbery (§§ 211-215, subd. (c)). As to each count, it was also alleged that defendant personally discharged a firearm, causing the victim's death (§ 12022.53, subd. (d)).

A jury convicted defendant of second degree murder, found true the firearm enhancement allegation, but could not reach a verdict on the robbery count, and the trial court declared a mistrial on that count. The court sentenced defendant to an indeterminate term of 40 years to life, consisting of 15 years to life for the murder and 25 years to life for the section 12022.53, subdivision (d) enhancement. Defendant appealed.

While the appeal was pending, section 12022.53, subdivision (h) was amended[3] to state: "The court may, in the interests of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." This court reversed the judgment and "remanded for the sole purpose of allowing the trial court to exercise its discretion under section 12022.53, subdivision (h), by deciding whether to strike defendant's section 12022.53 firearm enhancement."

After a hearing, the trial court declined to exercise its discretion to strike the firearm enhancement, finding that it would not be "in the interest of justice to strike or dismiss the enhancement" as requested. Defense counsel also requested that the court consider "the possibility of giving a ten- or a 20-year enhancement." The court stated it would not consider the request: "[T]he remittitur specifically says that it's remitted to the

---

[3] Effective January 1, 2018, the Legislature enacted Senate Bill No. 620 (2017-2018 Reg. Sess.), which amended section 12022.53, subdivision (h). (Stats. 2017, ch. 682, § 2.)

Court for determination as to whether or not the Court will dismiss, now that it has the discretion, to dismiss or strike punishment for the 25-year-to-life enhancement. It does not say that the Court can resentence with a different enhancement. It says it's remanding just for that consideration as to whether or not the Court would strike the enhancement . . . that's the way I read the remittitur."

## II.    DISCUSSION

"Section 12022.53 sets forth the following escalating additional and consecutive penalties, beyond that imposed for the substantive crime, for use of a firearm in the commission of specified felonies, including attempted premeditated murder:  a 10-year prison term for personal use of a firearm, even if the weapon is not operable or loaded (*id.*, subd. (b)); a 20-year term if the defendant 'personally and intentionally discharges a firearm' (*id.*, subd. (c)); and a 25-year-to-life term if the intentional discharge of the firearm causes 'great bodily injury' or 'death, to any person other than an accomplice' (*id.*, subd. (d))." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1124 (*Gonzalez*).)  Under section 12022.53, subdivision (j), "[f]or these enhancements to apply, the requisite facts must be alleged in the information or indictment, and the defendant must admit those facts or the trier of fact must find them to be true." (*Gonzalez*, at pp. 1124-1125.)

Senate Bill No. 620 amended section 12022.53, subdivision (h), to grant courts discretion to " 'strike or dismiss' " firearm enhancements imposed under section 12022.53 " 'in the interest of justice pursuant to [s]ection 1385.' " (*People v. Tirado* (2019) 38 Cal.App.5th 637, 642, review granted Nov. 13, 2019, S257658 (*Tirado*).)  Former section 12022.53, subdivision (h), prohibited courts from striking or dismissing firearm enhancements found true under section 12022.53, " '[n]otwithstanding [s]ection 1385 or any other provision of law.' " (Stats. 2010, ch. 711, § 5; see *Tirado*, at p. 642 & fn. 6.)

In April 2019, Division Five of the First District Court of Appeal held in *Morrison* that amended section 12022.53, subdivision (h) not only gave a trial court the authority to

strike or dismiss a firearm enhancement, but also to impose a lesser firearm enhancement in the exercise of the court's discretion. (*Morrison*, *supra*, 34 Cal.App.5th. at p. 222.) Since *Morrison* issued, however, subsequent cases have disagreed and concluded that "nothing in the plain language of sections 1385 or 12022.53, subdivision (h) suggests an intent to allow a trial court discretion to substitute one sentencing enhancement for another." (*People v. Yanez* (2020) 44 Cal.App.5th 452, 459, review granted April 22, 2020, S260819; accord, *Tirado*, *supra*, 38 Cal.App.5th at p. 643; *People v. Valles* (2020) 49 Cal.App.5th 156, 166-167, review granted July 22, 2020, S262757; *People v. Garcia* (2020) 46 Cal.App.5th 786, 791, review granted June 10, 2020, S261772.) Recently, in *People v. Delavega* (2021) 59 Cal.App.5th 1074, review granted April 14, 2021, S267293, Division One of the First District Court of Appeal examined the cases addressing the issue (*id.* at pp. 1083-1094) and concluded that *Morrison* was wrongly decided: "[A] trial court does not have authority, under section 12022.53[, subdivision (h)] or otherwise, to strike a greater firearm enhancement that is legally and factually sound and impose a lesser one that was neither charged nor found by the jury." (*Id.* at p. 1094.)

Consistent with the most recent published authority, we conclude that the plain language of section 12022.53, subdivision (h) authorizes a trial court to strike or dismiss a firearm enhancement only; it does not permit the court to substitute a lesser firearm enhancement. Here, only a section 12022.53, subdivision (d) firearm enhancement was alleged and found true by the jury. The firearm enhancements under section 12022.53, subdivision (b) and subdivision (c) were neither charged nor found true by the jury. Thus, the trial court did not have discretion to impose a lesser firearm enhancement. Accordingly, the court did not abuse its discretion in declining defendant's request to consider imposing a lesser firearm enhancement.

## III.   DISPOSITION

The judgment is affirmed.

4

 

 

 

_____

ELIA, ACTING P.J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, J.

_____

DANNER, J.

*People v. Hoang*
H046550

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No: C1370251 |
| | |
| Trial Judge: | Honorable Ronald I. Toff |
| | |
| Counsel for Plaintiff and Respondent:<br>THE PEOPLE | Xavier Becerra<br>Attorney General |
| | Lance E. Winters<br>Chief Assistant Attorney General |
| | Jeffrey M. Laurence<br>Senior Assistant Attorney General |
| | Eric D. Share<br>Supervising Deputy Attorney General |
| | Katie L. Stowe<br>Deputy Attorney General |
| Counsel for Defendant and Appellant:<br>HAN QUOC HOANG | Lori A. Quick<br>Sixth District Appellate Program |